IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES A. JONES,

                              Plaintiff,

        v.                                              1:06-cv-2760-WSD

SMARTVIDEO TECHNOLOGIES,
INC., and RICHARD E.
BENNETT., JR.,

                              Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Voluntary

Dismissal Without Prejudice ("Mot. for Dismissal without Prejudice") [52]

following the telephone hearing conducted by the Court on June 1, 2007.[1]

## I.      FACTUAL BACKGROUND

Plaintiff James A. Jones ("Plaintiff") filed this lawsuit on November 13,

2006, alleging a single claim of violation of the whistleblower provisions of the

Sarbanes-Oxley Act.  On December 21, 2006, Defendants filed their Answers.  The

parties commenced discovery on January 21, 2007.  During discovery, Plaintiff has

---

[1] During the hearing, the parties provided additional context for the motion
and its timing.

propounded, and Defendants have answered, three sets of written discovery, and Defendants have propounded, and Plaintiff has answered, two sets of written discovery.  All parties have issued and received responses to third-party subpoenas.  Plaintiff's deposition in this case was scheduled for June 1, 2007.  Six weeks remain in the discovery period, and no dispositive motions have been filed at this time.

On May 31, 2007, Plaintiff filed this Motion to Voluntarily Dismiss his claims without prejudice.  On the same day, Defendants filed their Opposition to Plaintiff's motion, arguing that they would be prejudiced by a dismissal without prejudice.  Defendants ask the Court to deny Plaintiff's motion, or alternatively to require that any dismissal be with prejudice or with certain conditions imposed.

## II.   DISCUSSION

Plaintiff asks this Court to enter a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).  Rule 41(a)(2) provides that after an answer or motion for summary judgment has been filed, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  Unless otherwise specified in the order, a dismissal under Rule 41(a)(2) is without prejudice.  Id.

Plaintiff filed the motion to dismiss the afternoon before the scheduled date of his deposition, a critical event where Plaintiff is asserting a claim under the Sarbanes-Oxley whistleblower provision.  Plaintiff is concerned about his ability to testify due to various issues that have arisen in his personal life.

In support of his motion, Plaintiff describes several recent tragic circumstances involving family members.  Specifically, Plaintiff must care for his wife who two months ago was involved in a traffic accident in which she suffered multiple injuries.  Plaintiff also must assist his mother who, at some unspecified time in the past, suffered a recurrence of breast cancer.  Plaintiff also claims he has had to care for his three nephews and his niece because his brother-in-law is recovering from a heart attack suffered a couple of weeks ago.  Plaintiff states that he has prosecuted the action with diligence and there has been no evidence of bad faith.  Plaintiff contends, therefore, that he should be allowed to dismiss this action without prejudice, thus reserving the right to refile this case if or when his personal circumstances improve.  Plaintiff apparently first proposed dismissal with Defendants' counsel two days before he was scheduled to be deposed.  Defendants would not consent to Plaintiff's proposal, and Plaintiff subsequently filed this motion.

Defendants argue they will be prejudiced if Plaintiff is allowed to dismiss his case without prejudice.  They claim they have expended significant resources in defending this lawsuit, there is a likelihood that "evidence will stale, witnesses' memories [will] fade, and witnesses [will] disappear or become unavailable," and that they have a "strong interest in vindicating [themselves] from [Plaintiff's] unfounded allegations."  (Opp. to Pl. Mot. [53], at 7.)  Thus, they argue that Plaintiff's motion should be denied, or alternatively, the case should be dismissed with prejudice, or that the Court should attach certain conditions to any dismissal without prejudice.  Specifically, if the Court grants Plaintiff's motion, Defendants ask the Court to order Plaintiff to reimburse them for the costs they have "and will needlessly incur as a result of the dismissal," such as fees in preparing for Plaintiff's deposition and performing other tasks that may later have to be repeated. Defendants also ask the Court to require Plaintiff to refile any action within six months to "protect against witness unavailability or lost recollection and needless additional delay in vindicating Defendants."  (Id. at 8.)  The question before the Court is whether and on what terms this case should be allowed to be dismissed under Rule 41(a)(2).

-4-

In applying Rule 41(a)(2), the Eleventh Circuit has held:

> A voluntary dismissal without prejudice is not a matter of
> right.  Although we have said that in most cases a
> voluntary dismissal should be allowed unless the
> defendant will suffer some plain prejudice other than the
> mere prospect of a second lawsuit, the decision whether
> or not to grant such a dismissal is within the sound
> discretion of the district court . . . .

Fisher v. Puerto Rico Marine Mgmt., 940 F.2d 1502, 1502-03 (11th Cir. 1991).

The purpose of Rule 41(a)(2) is to preclude voluntary dismissals which inequitably

affect the opposing party, and to allow the implementation of curative conditions

by the court.  Farmaceutisk Laboratorium Ferring v. Reid Rowell, Inc., 142 F.R.D.

179, 181 (N.D. Ga. 1991) (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855,

856 (11th Cir. 1986)).  "When exercising its discretion in considering a dismissal

without prejudice, the court should keep in mind the interests of the defendant, for

Rule 41(a)(2) exists chiefly for protection of the defendants."  Fisher, 940 F.2d at

1503.  As the Eleventh Circuit further explained: "The crucial question to be

determined is, would the defendant lose any substantial right by the dismissal."

Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

"[T]he prospect of a second lawsuit on the same set of facts" is not sufficient legal

prejudice to the defendant to justify denying a plaintiff's motion to dismiss without

prejudice. See Durham v. Florida East Coast Railway Co., 385 F.2d 366 (5th Cir. 1967); McCants, 781 F.2d at 859. Elaborating on this concept, the Eleventh Circuit noted in Pontenberg: "Delay alone, *in the absence of bad faith*, is insufficient to justify a dismissal with prejudice . . . ." Pontenberg, 252 F.3d at 1259 (emphasis added).

If a court grants a dismissal without prejudice under Rule 41(a)(2), it possesses broad discretion in determining what terms and conditions, if any, should be imposed as a condition for dismissal. Farmaceutisk, 142 F.R.D. at 181. "[T]he district court must exercise its broad equitable discretion under [the Rule] to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Id. (citing McCants, 781 F.2d at 857). Plaintiffs usually are not allowed to dismiss an action without prejudice under Rule 41(a)(2) "after the defendant has been put to considerable expense in preparing for trial except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." McCants, 781 F.2d at 860. The Eleventh Circuit has stated that a Court may require Plaintiff to pay "all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." Id.

-6-

The Eleventh Circuit has not explicitly adopted factors that a trial court should evaluate to determine whether a defendant would "suffer 'plain prejudice' versus the 'mere prospect of a second lawsuit'" in deciding if dismissal without prejudice is appropriate.[2] Mosley v. JLG Indus. Inc., No. 7:03cv119HL, 2005 WL 2293567, at * 3 (M.D. Ga. Sept. 20, 2005) (noting Eleventh Circuit's failure to adopt specific factors for Rule 41(a)(2) dismissal and reviewing cases where the court denied dismissal under the rule). The Mosley court noted, however, that the cases in our circuit "have hinged on various factors as the courts sought 'to weigh the relevant equities and do justice between the parties'" Id. That is, substantial discretion is vested in the district court to evaluate what is a just resolution.

When courts in this circuit have denied a plaintiff's Rule 41(a)(2) motion for dismissal without prejudice, several factors were frequently important to the

---

[2] Several other circuit courts have adopted a list of factors for trial courts to consider when deciding whether to grant motions to dismiss without prejudice. They are: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Mosley, 2005 WL 2293567 at *3 n.1 (citing Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). The Eleventh Circuit noted in Pontenberg, however, that "this circuit has never specifically addressed or adopted the Pace factors." Id. (citing Pontenberg, 252 F.3d at 1259).

decision.  These factors include the length of time and amount of resources spent by the defendant litigating the case, dilatory tactics by the plaintiff, and whether the defendant had a motion for summary judgment pending when the dismissal was requested.  See Stephens v. Ga. Dept. of Transp.,  134 Fed. Appx. 320, 323 (11th Cir. 2005); Fisher, 940 F.2d at 1503; Mosley, 2005 WL 2293567, at * 3; McBride v. JLG Indus., Inc., No. 7:03CV118HL, 2005 WL 2293566, at *3 ( M.D. Ga. Sept. 20, 2005 ).  Courts are more likely to deny a voluntary dismissal where the plaintiff has been dilatory in conducting the litigation.

The Court necessarily concludes that Defendants will not suffer sufficient legal prejudice to deny Plaintiff's request for dismissal without prejudice.  The Court does not find under the particular circumstances that Plaintiff or his counsel acted in bad faith. Plaintiff has not failed to properly prosecute his case.  Discovery is not yet complete, no dispositive motions have been filed, and Defendants have not substantially prepared for trial.  Defendants' argument that delaying resolution of the case robs them of the ability to vindicate themselves is not a convincing reason to deny Plaintiff's motion.  This Court cannot find that Defendants will suffer any legal prejudice sufficient to deny a dismissal of this case without prejudice.

The Court also must consider whether Plaintiff's conduct in the action resulted in Defendants incurring a burden and expense for which equities and justice require that it be compensated.  See Farmaceutisk, 142 F.R.D. at 181.  It is evident that the timing of Plaintiff's motion impacts the position of the parties. While Plaintiff's personal circumstances likely have affected his focus on the case, the Court notes that those events affecting his wife and mother have existed for some time, and it is only his brother-in-law's heart attack that is recent.  Had Plaintiff requested dismissal earlier than on the eve of his deposition, this matter could have easily been resolved.  The Court, however, recognizes that these personal issues have necessitated Plaintiff's motion.

Under the circumstances here, it is not appropriate to require Plaintiff to reimburse Defendants for all of their litigation expenses.  Although the parties have engaged in written discovery, the parties have conducted no other discovery, and no dispositive motions have been filed.  Defendants have not been required to substantially prepare for trial.  Moreover, as Defendants concede, some of the discovery and pleadings in this case could be relied upon and reused in any subsequent litigation.  The only significant prejudice Defendants may potentially suffer if Plaintiff refiles his case is the cost to prepare again for Plaintiff's

deposition.  Had Plaintiff filed this motion earlier, this would not have been an issue, but Plaintiff's timing put Defendant to the expense of preparing for a critical litigation event.  The Court thus concludes this preparation must, in large part, be duplicated if Plaintiff refiles his case.  If Plaintiff wishes to refile, he should reimburse Defendants the costs and fees they incurred in preparing for Plaintiff's deposition.  So that the amount to be paid as a condition of refiling may be known, Defendants shall file within five (5) days an affidavit describing the costs and fees incurred for this Court's approval.  Finally, if Plaintiff refiles this action, he shall be limited to the same complaint that he now seeks to dismiss.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal [52] is **GRANTED**, and this action is dismissed without prejudice.

**IT IS HEREBY FURTHER ORDERED** that this action may be refiled only if not otherwise barred by the applicable statute of limitations or other legal prohibitions, and only after Plaintiff certifies to the Court that he has paid Defendant the costs and fees incurred to prepare for Plaintiff's deposition in the amount approved by the Court.  If Plaintiff determines he cannot accept these

-10-

conditions and thus chooses not to go forward with dismissal, he must notify the

Court within ten (10) days of this Order.

SO **ORDERED** this 4th day of June, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE